99 F.3d 1147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Manabu John FURUKAWA, Defendant-Appellant.
 No. 93-50605.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 7, 1996.
Decided Oct. 17, 1996.
 
 1
 Before: BROWNING, NORRIS, and REINHARDT, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 I.
 
 3
 The detectives identified themselves, asked to speak with the defendants, and told them they were free to leave. The encounter occurred in a public place. The detectives did not display weapons or physically restrain Furukawa. We conclude a reasonable person would have felt free to leave, the initial encounter was consensual, and no founded suspicion was required. United States v. Brown, 884 F.2d 1309, 1311 (9th Cir.1989); United States v. Mendenhall, 446 U.S. 544, 554 (1980) ("[A] person is 'seized' within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave."). Based on the information obtained during this consensual encounter, including the fact that both airline tickets were issued under false names, one of the defendants possessed marijuana, and both denied checking any luggage although the detectives had seen them do so, the detectives had grounds for reasonable suspicion justifying the brief detention that preceded the search of the bags.
 
 
 4
 Persons "who voluntarily abandon property lack standing to complain of its search or seizure." United States v. Nordling, 804 F.2d 1466, 1469 (9th Cir.1986). Furukawa relinquished possession of the bags to the airline and then denied ownership of them. Relinquishment of possession and denial of ownership is sufficient to establish abandonment for Fourth Amendment purposes, even when, as in this case, the officers earlier saw the defendant in possession of the property. United States v. Veatch, 674 F.2d 1217, 1221 (9th Cir.1991).
 
 
 5
 Furukawa's denial of ownership was not rendered involuntary by the detention of the bags at curbside. An abandonment is rendered involuntary by police misconduct only if there is a nexus between the misconduct and the abandonment. See United States v. Gilman, 684 F.2d 616, 620 (9th Cir.1982). Regardless of its legality, the curbside detention had no relation to the later abandonment--there is no indication the diversion of the bags led the detectives to approach Furukawa or that Furukawa knew the bags had been detained when he relinquished his privacy and possessory interest in them. See United States v. Roman, 849 F.2d 920, 923 (5th Cir.1988).
 
 
 6
 Furukawa argues that even if abandonment of his privacy interest in the bags precluded challenge to the search of the bags after the abandonment, it did not affect his standing to challenge the initial diversion of the bags at curbside, which occurred before the abandonment, and to challenge the admissibility of any evidence derived therefrom. We need not reach the question.
 
 
 7
 The detectives' brief diversion of the bags prior to the abandonment did not result in a "meaningful interference" with Furukawa's possessory interest. United States v. Jacobsen, 466 U.S. 109, 113 (1984). The minute or so that elapsed between the detectives' request to the skycap to hold the bags and Furukawa's denial of ownership was too brief to have interfered with his travel. Brown, 884 F.2d at 1311 (no "seizure" where brief detention of luggage would not have interfered with defendant's travel or frustrated his expectations with respect to his luggage). Indeed, as Detective Oglesby testified, Furukawa arrived at the airport too late to permit the bags to be placed aboard his plane regardless of the detectives' request that they be held. See United States v. Johnson, 990 F.2d 1129, 1132 (9th Cir.1993).
 
 II.
 
 8
 The district court did not abuse its discretion by admitting Woo's statements as adoptive admissions by Furukawa. Fed.R.Evid. 801(d)(2)(B). The court found sufficient foundational facts for the jury to conclude Woo's statements "were heard and understood and acceded to by Mr. Furukawa," see United States v. Monks, 774 F.2d 945, 950 (9th Cir.1985); and the relevant factors support the court's determination that Woo's statements were reliable. Id. at 951-53. The taped conversation was the first conversation between Furukawa and Woo after their arrest. Furukawa did not deny knowledge of the cocaine or the purpose of the trip, and there is little probability Woo had a faulty memory or was attempting to misrepresent Furukawa's role.
 
 III.
 
 9
 The district court acted within its discretion in denying Furukawa's request for a reduction in base offense level as a "minor" or "minimal" participant under section § 3B1.2 of the Guidelines. The court adopted the probation department's findings that Furukawa was present with Woo during the transportation of the drugs, had the suitcase keys in his possession, did not appear surprised during his conversation with Woo that Woo was transporting drugs, and was aware of many of the details of the transaction. These findings are not clearly erroneous. The district court found Furukawa's participation to be less than that of Woo but concluded "there was quite sufficient evidence to show that, contrary to what Mr. Furukawa says, ... he knew exactly what he was doing and intended to make some money out of it, as he stated at an earlier time." The district court's denial of Furukawa's request for a downward adjustment must be sustained. United States v. Davis, 36 F.3d 1424, 1436-37 (9th Cir.1994).
 
 
 10
 AFFIRMED.
 
 
 11
 REINHARDT, Circuit Judge, dissenting.
 
 
 12
 I dissent.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3